FID:5237517

AO 442 (Rev. 11/11) Arrest Warrant

☒ FILED ☐ LODGED
Sep 11 2026
CLERK U.S. DISTRICT COURT
DISTRICT OF ARIZONA

# UNITED STATES DISTRICT COURT

for the

Western District of Texas

26-02692MJ

United States of America
v.

Michael Dewayne Smith

*Defendant*

Case No. SA-10-CR-541-XR-2

**RECEIVED**
**By USMS SAN ANTONIO at 1:43 pm, Sep 02, 2026**

## ARREST WARRANT

To: Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay *(name of person to be arrested)* Michael Dewayne Smith,
who is accused of an offense or violation based on the following document filed with the court:

☐ Indictment ☐ Superseding Indictment ☐ Information ☐ Superseding Information ☐ Complaint
☐ Probation Violation Petition ☑ Supervised Release Violation Petition ☐ Violation Notice ☐ Order of the Court

This offense is briefly described as follows:
See Attached Petition

Date: 09/02/2026

Monica Ramos
*Issuing officer's signature*

City and state: San Antonio, Texas

Monica Ramos, Deputy Clerk
*Printed name and title*

**Return**

This warrant was received on *(date)* 9/2/26, and the person was arrested on *(date)* 9/9/26
at *(city and state)* Tucson, AZ.

Date: 9/10/26

Subject arrested by Tucson PD
and initialed on 9/11/26
in the District of Arizona.

*Arresting officer's signature*

*Printed name and title*

PROB 12C
(REV. 12/04)

FILED
September 01, 2026
CLERK, U S DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY SAF
DEPUTY

# UNITED STATES DISTRICT COURT

for

WESTERN DISTRICT OF TEXAS

26-02692MJ

## Petition for Warrant or Summons for Offender Under Supervision

Name of Offender: Michael Dewayne Smith    Case Number: SA-10-CR-541(2)-XR

Name of Sentencing Judicial Officer: Honorable Xavier Rodriguez, United States District Judge

Date of Original Sentence: May 2, 2012

Original Offense: Count 1: Conspiracy to Commit Murder in Aid of Racketeering, in violation of 18 U.S.C. § 1959(a)(5) and Count 2: Murder in Aid of Racketeering, in violation of 18 U.S.C. § 1959(a)(1) & 2

Original Sentence: Count 1: One Hundred Twenty (120) months' imprisonment and Count 2: Two Hundred Thirty-Five (235) months' imprisonment, to run concurrently, followed by a Five (5) year term of supervised release on Counts 1 and 2, to run concurrently.

Type of Supervision: Supervised Release    Date Supervision Commenced: March 3, 2026

Assistant U.S. Attorney: David Shearer    Defense Attorney: Richard Langlois

---

### PREVIOUS COURT ACTION

On May 11, 2012, an Amended Judgement in a Criminal Case was filed to reflect Supervised Release in Count 1.

On March 16, 2015, a Second Amended Judgment in a Criminal Case was filed to reflect a reduction of the sentence on Count 2 from Life imprisonment to Two Hundred Thirty-Five (235) months' imprisonment, to run concurrently with Count 1.

On February 24, 2026, a Probation Form 12B, Request to Modifying the Conditions or Term of Supervision with Consent of the Offender, was filed. The Court granted the imposition of a special condition requiring placement in a Residential Reentry Center, a residential substance abuse treatment program, a sober living environment, or any combination thereof, as approved by the probation officer.

### PETITIONING THE COURT

☒ To issue a warrant
☐ To issue a summons

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1. | **Mandatory Condition No. 2: The defendant shall not unlawfully possess a controlled substance.** |

2. **<u>Mandatory Condition No. 3:</u> The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release on probation or supervised release and at least two periodic drug tests thereafter (as determined by the court) for use of a controlled substance, but the condition stated in this paragraph may be ameliorated or suspended by the court if the defendant's presentence report or other reliable sentencing information indicates low risk of future substance abuse by the defendant.**

   On or about March 18, 2026, during a home contact, Smith submitted to a drug test which resulted in a positive for methamphetamine.

   On or about March 23, 2026, Smith unlawfully possessed and used a controlled substance, methamphetamine, as evidenced by an Abbott laboratory confirmation for Specimen ID No. A01025450 for d-methamphetamine.

   On or about June 5, 2026, Smith unlawfully possessed and used a controlled substance, methamphetamine, as evidenced by an Abbott laboratory confirmation for Specimen ID No. B05496594 for d-methamphetamines.

   On or about June 17, 2026, Smith unlawfully possessed and used a controlled substance, methamphetamine, as evidenced by an Abbott laboratory confirmation for Specimen ID No. B05496586 for d-methamphetamines.

3. **<u>Standard Condition No. 3:</u> The defendant shall answer truthfully all inquires by the probation officer and follow the instructions of the probation officer.**

   On June 22, 2026, a home contact was conducted. Smith reported having a vehicle and he was instructed to provide his registration via text message. Smith failed to comply with the instruction.

4. **<u>Standard Condition No. 11:</u> The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.**

   On June 16, 2026, Smith was questioned by the Pima County Sheriff's Department and failed to notify the probation officer within 72 hours, as evidenced by Pima County Sheriff's Department, Report No. 260616006.

   On June 25, 2026, Smith was questioned by the Phoenix Police Department and failed to notify the probation officer within 72 hours, as evidenced by Phoenix Police Department, Incident No. 202600875335.

5. **<u>Standard Condition No. 15:</u> The defendant shall submit to an evaluation for substance abuse or dependency treatment as directed by the probation officer, and if deemed necessary by the probation officer, the defendant shall participate in a program approved by the probation officer for treatment of narcotic addiction or drug or alcohol dependency which may include testing and examination to determine if the defendant has reverted to the use of drugs or alcohol. During treatment, the defendant shall abstain from the use of alcohol and any and all intoxicants. The defendant may be required to contribute to the cost of the services rendered (copayment) in an amount to be determined by the probation officer, based upon the defendant's ability to pay.**

On May 20, 2026, Smith was instructed to participate in drug treatment with Community Bridges Incorporated (CBI).

Smith has failed to participate in treatment sessions on the following dates:

| | | |
|---|---|---|
| June 26, 2026 | July 1, 2026 | July 6, 2026 |
| July 8, 2026 | July 13, 2026 | July 16, 2026 |

On June 4, 2026, and August 12, 2026, Smith failed to submit to drug testing as part of his drug treatment requirements.

**U.S. Probation Officer Recommendation:**

On March 3, 2026, Smith released to courtesy supervision in the District of Arizona and entered inpatient substance abuse treatment at American Rehab Campus. Following his release from treatment on March 16, 2026, Smith resided in local hotels. During home contacts on March 18 and March 23, 2026, he submitted drug tests that were positive for methamphetamine. He was provided with information for a behavioral health clinic to receive Medically Assisted Treatment (MAT) and stated he would also look for Narcotics Anonymous meetings. In subsequent weeks, he enrolled in MAT services, applied for benefits from the Department of Economic Security (DES), and enrolled at the HDS Truck Driving Institute.

On May 20, 2026, Smith reported to the probation office, where his conditions regarding substance abuse treatment and testing were reviewed. He was provided with written directives to enroll in and participate in substance abuse treatment and the Averhealth substance abuse testing program. He was also provided resources regarding employment-readiness programs and housing.

On May 28, 2026, during home contact at Smith's hotel room, he reported that he had been residing there with his girlfriend, who was incarcerated at the time. He was verbally reprimanded for not disclosing the relationship or her residence in the hotel room. He was again provided with housing resources and stated he planned to obtain his own housing.

On June 9, 2026, Smith contacted his probation officer's supervisor by phone and reported he was arguing with his girlfriend and reported that she had assaulted him. He reported he did not open the door or speak to the police officers when they arrived at his apartment. He was directed to provide a new address as soon as it was obtained; however, he failed to comply. On June 12, 2026, Smith was directed to report to the probation office on June 15, 2026, for a noncompliance meeting.

On June 15, 2026, Smith reported as directed and met with his probation officer and supervisor. His noncompliance was reviewed, and he was advised that further violations would be reported to the originating district with a request for revocation.

On June 16, 2026, Pima County Sheriff's Department responded to a "man-down" service call at the 5800 block of North Oracle Road, Tucson, Arizona. Smith had nodded off in his vehicle at a Circle K parking lot. Smith was identified and consented to field sobriety tests. It was determined it appeared to be more of a medical issue he was experiencing. He was transported home by law enforcement after questioning. Smith did not report the questioning by law enforcement to the probation officer.

On June 23, 2026, Smith completed the assessment with Community Bridges Incorporated (CBI). He was referred to individual counseling, substance abuse treatment groups, a psychiatric evaluation and Moral Recognition Therapy (MRT). His first scheduled MRT group occurred on June 26, 2026; however, he failed to attend.

On June 25, 2026, Smith was questioned by the Phoenix Police Department as residents and the Homeowner's Association wanted him trespassed from the townhouse complex. The incident report indicated that Smith was camping behind a pony wall in the townhouse complex after his girlfriend reportedly kicked him out three days earlier. Smith failed to report the questioning by law enforcement to the probation officer.

On June 30, 2026, an email was received from CBI reported that Smith demonstrated inconsistent participation in substance abuse treatment, including missed group sessions, failure to begin MRT as scheduled, and failure to attend appointments with his case manager and individual counselor. Although he has attended MRT group weekly in recent weeks, his overall participation has been inconsistent.

Based on the aforementioned violations, it is respectfully recommended a warrant be issued and a hearing be held to show cause as to why the offender's supervised release should not be revoked.

☒ The term of supervision should be

☒ revoked. (Count 1: Maximum penalty: 2 years imprisonment; 3 years supervised release; less any term of imprisonment imposed at revocation; and payment of any unsatisfied monetary sanction previously imposed).
(Count 2: Maximum penalty: 5 years imprisonment; 5 years supervised release; less any term of imprisonment imposed at revocation; and payment of any unsatisfied monetary sanction previously imposed).

☐ extended for __ years, for a total term of __ years.

☐ The conditions of supervision should be modified as follows:

Approved:

Leonor Samantha Ruiz
Supervising U.S. Probation Officer
Telephone: (210) 472-6590, Ext. 5361

Respectfully submitted,

Alfredo Rodriguez
Sr. U.S. Probation Officer
Telephone: (210) 472-6590, Ext. 5304
Date: August 26, 2026

cc: Joseph Blackwell
Assistant U.S. Attorney

Corrina F. Lopez
Assistant Deputy Chief U.S. Probation Officer

---

THE COURT ORDERS:

☐ No action.

☒ The issuance of a warrant.

☐ The issuance of a summons.

☐ Other ________________________________

Honorable Xavier Rodriguez
U.S. District Judge

September 1, 2026
Date